Carly M. Roman, CA Bar No. 349895
Andrew Gunem, CA Bar No. 354042
Samuel J. Strauss, *pro hac vice forthcoming*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

Attorneys for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN BACHHUBER, on behalf of
himself and others similarly situated,

    Plaintiff,

        v.

OOMA, INC.,

    Defendant.

No. _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.    Kevin Bachhuber ("Plaintiff") brings this class action against Amp Fit, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing

to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## PARTIES

3.     Plaintiff is a natural person.

4.     Defendant is a corporation that resides in this District.

## JURISDICTION AND VENUE

5.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6.     This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District.

## INTRODUCTION

7.     "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans

'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon

1    their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th

2    Cir. 2019).

3                           **PLAINTIFF'S ALLEGATIONS**

4        9.    Plaintiff is, and at all times mentioned herein was, a "person" as

5    defined by 47 U.S.C. § 153(39).

6        10.   Plaintiff's residential telephone number is 608-345-XXXX.

7        11.   Plaintiff personally listed his telephone number, 608-345-XXXX, on

8    the National Do-Not-Call Registry on March 17, 2012, and has not removed it from

9    the Registry since that time.

10       12.   Plaintiff uses this telephone number for personal, residential, and

11   household purposes.

12       13.   Plaintiff's telephone number is not associated with any business, nor

13   does Plaintiff use the number for business purposes.

14       14.   Throughout the class period, Plaintiff's telephone number 608-345-

15   XXXX was his exclusive residential telephone number; he did not maintain a

16   landline telephone number.

17       15.   Plaintiff has been the sole owner of cellular telephone number 608-

18   345-XXXX for approximately the last fourteen (14) years.

19       16.   Throughout Plaintiff's ownership of telephone number 608-345-

20   XXXX, Plaintiff has been the sole remunerator of bills associated with its service.

21

17.    Plaintiff has never received reimbursement from any business for use of this number nor taken any tax deductions for any business-related uses of this number.

18.    From 2014 to 2016, while Plaintiff was associated with the business Big Cricket Farms, Plaintiff used a separate telephone number for business related calls.

19.    Similarly, between 2016 and 2024 during Plaintiff's association with the business Bachhuber Consulting LLC, Plaintiff used a separate telephone number, 608-512-0595, for business related calls.

20.    The website for Bachhuber Consulting, which is no longer in operation, displayed the number 608-512-0595, not Plaintiff's residential number 608-345-XXXX. Below is a screenshot from the Internet Archive displaying the "Contact" section of the website for Bachhuber Consulting:



21.    If Plaintiff received a business-related call on his number 608-345-XXXX, Plaintiff would redirect the caller to his business number.

22.    Furthermore, Plaintiff's voicemail during the operation of Bachhuber Consulting played a voicemail message to the effect of the following: "You have reached the personal cell of Kevin Bachhuber. For business-related calls, please contact me at 608-512-0595."

23.    Plaintiff tried Defendant's communications services briefly in May 2023 and stopped using the service shortly thereafter.

24.    Plaintiff submitted his last payment to Defendant on August 23, 2023.

25.    Despite Plaintiff's last payment being on August 23, 2023, Defendant has continued to harass Plaintiff via unsolicited telephone calls.

26.    Defendant's telephone calls and voicemails to Plaintiff are made for the purpose of marketing Defendant's communications services and are part of a strategy to convert Plaintiff back into an active customer.

27.    Defendant's telemarketing solicitations continued for approximately 22 months after Plaintiff had stopped paying for Defendant's communication services.

28.    For example, Defendant has made at least the following calls:

a.    1 call on May 12, 2025, from (844) 431-0159

b.    4 calls on May 16, 2025, from (844) 431-0159

c.    1 call on June 4, 2025, from (844) 431-0159

d.    2 calls on June 5, 2025, from (844) 431-0159

29.    In an attempt to stop Defendant's persistent and harassing telephone calls and voicemails, Plaintiff sent Defendant a letter requesting that Defendant explain its illegal telemarketing.

30.    Specifically, on August 7, 2025, Plaintiff sent the letter to Defendant's Chief Legal Officer, Jenny Yeh, via certified U.S. mail at: 525 Alamanor Avenue, Suite 200, Sunnyvale, CA 94085.

31.    Plaintiff requested that Defendant respond to his letter in writing by August 14, 2025.

32.    Plaintiff did not receive a response from Defendant to his request.

33.    Plaintiff and other individuals who received similar spam telephone calls and voicemails from Defendant suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ALLEGATIONS

34.    Plaintiff brings this action on behalf of himself and the following Class pursuant to Federal Rule of Civil Procedure 23.

35.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**<u>National Do Not Call Registry Class</u>**: All persons within the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint through trial.

36.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

37.    Excluded from the Class are counsel, Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38.    Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance,

waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

39.    This Class Action Complaint seeks injunctive relief and money damages.

40.    The Class defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

41.    Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes members number, at minimum, in the hundreds.

42.    The joinder of all Class members is impracticable due to the size and relatively modest value of each claim.

43.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

45.    There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(b) whether the Defendant accessed and removed numbers from its calling list that were on the National Do Not Call registry;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class.

47.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

49.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

51.    The Defendant's violations were negligent, willful, or knowing.

52.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

53.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to

numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1.    Injunctive relief prohibiting Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future;

2.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

3.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

4.    Such other relief as the Court deems just and proper.

\\

\\

**<u>JURY DEMAND</u>**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted this 3rd day of September, 2025.

By */s/ Carly M. Roman*
Carly M. Roman, CA Bar No. 349895
Andrew Gunmen, CA Bar No. 354042
Samuel J. Strauss, *pro hac vice forthcoming*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com
agunmen@straussborrelli.com
sam@straussborrelli.com

*Attorneys for Plaintiff and the Putative Class*